State, Morris et al., pros., v. Mayor, &c., of Jersey City.

---

STATE, ELIZABETH C. MORRIS ET AL., PROSECUTORS, v. THE MAYOR, &c., OF JERSEY CITY.

Under the act to adjust unpaid assessments in Jersey City, approved March 26th, 1873, (*Pamph. L.*, *p.* 442,) those assessments are not conclusive in which it does not appear that the commissioners determined what was a fair and reasonable cost for the improvement, and assessed only that cost upon the lands benefited, in proportion to the benefit received.

On *certiorari.*

State, Morris et al., pros., v. Mayor, &c., of Jersey City.

Argued at June Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

For the prosecutors, *Gilbert Collins.*

For the defendants, *Leon Abbett.*

The opinion of the court was delivered by

DIXON, J. In the proceedings for the improvement of North Fourth street from Grove street to Coles street, in Jersey City, the report of the commissioners of assessment, dated August 20th, 1870, fails to state upon what principle, or by what rule, the assessment was made. Similarly defective is the report of the commissioners in the matter of improving North Fifth street from Grove street to Jersey avenue, dated July 15th, 1870. For the paving and grading of Erie street from Pavonia avenue to North Fifth street, the commissioners, on May 6th, 1872, report that they assessed the expense upon the land fronting on the improvement, in proportion to the frontage.

As to these several assessments, the commissioners appointed under the act to adjust unpaid assessments in Jersey City, approved March 26th, 1873, simply adjudged that the sums assessed were a reasonable and fair cost for the improvements, and that the assessments should be in all things confirmed. Writs of *certiorari*, allowed by a justice of this court, bring all these assessments before us for review.

Unless these assessments can derive support from the statute just mentioned, they must fall, according to repeated decisions. *State, N. B. Rubber Co., pros.,* v. *Commissioners, &c., of New Brunswick,* 9 *Vroom* 190; *State, Cronin, pros.,* v. *Jersey City,* *Id.* 410.

The fifth section of this act declares that when any assessment has been adjusted or confirmed by the board appointed under it, in the manner pointed out by the act, it shall be a new assessment, and shall be final and conclusive upon all parties. The act, however, authorizes an assessment to be

made only after the board has determined what was the fair and reasonable cost of the improvement, and what lands were benefited thereby; and the only assessment thereupon sanctioned is the imposition of such reasonable cost upon the land benefited, in proportion to the benefits received. As to such assessments alone, therefore, are the parties concluded. The assessments now in question do not appear to be of this character, and hence they must be set aside, with costs.

A *certiorari* was also allowed to bring up the assessments for the construction of sewers in North Second, Third, Fourth and Fifth streets, Jersey City, one of which was made about December 19th, 1870, under the city charter then in force, (*Pamph. L.*, 1870, *p.* 1170,) and the other on May 28th, 1874, by the commissioners under the act of 1873, (*Pamph. L., p.* 442,) already cited. The return to this writ shows that the first assessment cannot be found; but the only mode pointed out by the charter of 1870 for assessing the costs of constructing sewers, is in section one hundred and thirty-five, which requires the amount to be paid for each parcel of ground drained to be fixed in proportion to dimension, without reference to situation or value. The assessment made under this provision, the commissioners to revise and adjust simply confirmed. For the reasons before stated, these assessments must also be set aside, with costs.